# BALTIMORE CITY COURT.

Filed September 13, 1923.

CHARLES CARTER, ET AL.,
VS.
BOARD OF ZONING APPEALS.

*E. Ridgely Simpson* and *Charles H. Carter* for plaintiffs.

*Roland R. Marchant*, City Solicitor, for defendants.

DUFFY, J.—

This is an appeal from a ruling of the Board of Zoning Appeals. The Zoning Ordinance was signed by the Mayor and became a law May 19, 1923. On June 18, 1923, an ordinance which had been introduced in the previous City Council was re-introduced in the present City Council which was signed by the Mayor July 30, 1923. The language of this ordinance is clear. It grants to the Baltimore, Eye, Ear and Throat Charity Hospital the privilege and authority to establish, conduct and operate a hospital for treatment of diseases of eye, ear, nose and throat at 1214 Eutaw Place. No reference is made in it to the Zoning Ordinance or to the Board of Zoning Appeals.

When the ordinance was presented to the Mayor he referred it to the Board of Zoning Appeals for its opinion as to whether it was a proper one to be passed. This Board had a public hearing at which the property owners appeared and protested against the passage of the ordinance. This protest was in effect overruled for the Board reported back to the Mayor that it was a proper ordinance to be passed.

Thereupon the Mayor signed the ordinance on July 30 and it became a law.

The property owners have taken this appeal from the action of the Board of Zoning Appeals. If this appeal is reversed, what effect can such action of this Court have on the ordinance? None whatever that I can see. And such reversal can not operate to prevent the Hospital Corporation from proceeding under it, to establish its hospital.

The appellants contend that these two ordinances should be read together and that both ordinances operate on the grant of the privilege in this case. In support of this Mayor vs. Magruder, 34 Md. 387 is cited. That case, in my opinion, is not analogous. In that case the subsequent statute was declared by the Court to be additional to the prior statute. In this case the power and discretion of authorizing the establishment of a hospital in the City of Baltimore was vested in the Mayor and City Council prior to the passage of the zoning ordinance and although this discretion is conferred upon the Zoning Commission by the zoning ordinance nevertheless the Municipal Corporation still has the power to exercise this discretion in spite of the provisions of the zoning ordinance if the Mayor and City Council see fit to exercise it and in my opinion that is what the Mayor and City Council did in the passage of the ordinance of July 30.

If the Municipal Corporation intended the ordinance of July 30 to be subject to the provisions of the Zoning Ordinance and not in supervention of it, it is not too late for the Mayor and City Council to so state by the passage of a supplementary ordinance. Such a suggestion was made by the Court in a case of conflict between ordinances in Smyrk vs. Sharp, 82 Md. 105.

It should be borne in mind that the thing to be done is the exercise of a discretion to grant or refuse permission to establish a hospital in a certain place, and that the zoning ordinance transfers the exercise of this discretion from the City Council and the Mayor to the Zoning Commission which is simply the transfer of the function from one municipal agency to another.

Now the Mayor and City Council having first passed the zoning ordinance and having subsequently passed the special ordinance of July 30, the

case is brought within the following rule of construction:

Where there are two charter provisions or two ordinances both on the same subject, one of which is special and particular and the other general, so that if standing alone it would cover the same subject and would conflict with the special act, the special act controls the general. In determining whether the later ordinance repeals the former, the thing done and not the words used is controlling.

McQuillan Municipal Corporations, Sec. 833, Vol. 2, page 1787 and Supplement Vol. 7, p. 7016; 61 N. J. Eq. 545, Bond vs. Co., Affirmed 63 N. J. Eq. 804; 107 Mo. App. 317, O'Laughlin vs. Kirkwood; 108 Mo. 318, St. Louis vs. Kaine; City & S. London Rwy. vs. London County Council L. R. 2 Q. B., 1891, p. 521; London County Council vs. School Board, L. R. 2 Q. B. 182, p. 611.

Even where the special ordinance is passed before the general ordinance and then both ordinances embraced in a codification it has been decided, under the facts of the case before the Court, that the subsequent general ordinance does not repeal the special ordinance.

65 Md. 263, Garrett vs. Jones; 18 Md. 48, Stockett vs. Bird.

The appeal in this case is hereby dismissed.